# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3158 | **DATE** | 5/10/2002 |
| **CASE TITLE** | Bank One National Assoc. vs. Todd Pickens, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Order. This Court grants Bank One until May 20, 2002 to file an appropriate amendment to the Complaint in this Court's chambers. In the absence of such a curative filing, this Court will be constrained to dismiss the Complaint and this action for lack of subject matter jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | MAY 13 2002 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | 2 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 5/10/2002 | |
| | | | | date mailed notice | |
| SN | courtroom deputy's initials | | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAY 1 3 2002

BANK ONE NATIONAL ASSOCIATION, )
as Trustee, )
 )
            Plaintiff, )
 )
v. ) No. 02 C 3158
 )
TODD PICKENS, et al., )
 )
           Defendants. )

## MEMORANDUM ORDER

Bank One as Trustee has brought this mortgage foreclosure action, relying on diversity of citizenship as the predicate for federal subject matter jurisdiction. This memorandum order is issued sua sponte because Bank One's Complaint for Foreclosure is flawed in that respect.

There is no question that the amount in controversy exceeds $75,000 as required by 28 U.S.C. §1332 ("Section 1332"). Nor is there a problem with the identification of both facets of corporate citizenship (see Section 1332(c)(1)) as to both Bank One and the not-for-profit corporate defendant named in Complaint ¶2, or with the identification of the Illinois citizenship of the mortgagor defendants (also set out in Complaint ¶2). Where the difficulty arises is rather with regard to defendant DJP Development and Consulting, Ltd. ("DJP"), which Complaint ¶2 describes as an "Illinois Partnership with its principal place of business in Illinois."

In that latter respect, the principal place of business of a

partnership or other unincorporated association is totally irrelevant for diversity purposes, just as is the place of the partnership's formation. Instead the relevant jurisdictional facts depend on the state of citizenship of <u>each</u> member of the partnership, both all of the general partners and any limited partners (<u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185 (1990)).

Accordingly Bank One's counsel has failed to carry the burden imposed on every party seeking to invoke federal jurisdiction: the affirmative establishment of every jurisdictional element. That failure could justify the sua sponte dismissal of this action, but to avoid the imposition of the cost of a second filing fee on Bank One if that defect is curable, this Court grants Bank One until May 20, 2002 to file an appropriate amendment to the Complaint in this Court's chambers. In the absence of such a curative filing, this Court will be constrained to dismiss the Complaint and this action for lack of subject matter jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 10, 2002

2